IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANA AULT,

    Plaintiff,

v.

LESLIE SPEICHER,

    Defendant.                                    Case No. 07-cv-398-DRH

**ORDER**

**HERNDON, Chief Judge:**

Before the Court is Defendant's Bill of Costs (Doc. 79), filed subsequent to the Court's March 25, 2009 Order (Doc. 72) granting Defendant's Motion for Summary Judgment (Doc. 48). Plaintiff has objected to the Bill of Costs (Doc. 81) in its entirety. Defendant has not responded to Plaintiff's objection. The Court will now address Plaintiff's objections to determine the proper amount of costs, if any, taxable to Plaintiff.

Defendant moves, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 54(d)** and **28 U.S.C. § 1920**, for an award of costs as set forth in the Bill of Costs (Doc. 79). Defendant seeks reimbursement in the amount of $ 1, 147.60 for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Along with the Bill of Costs, Defendant has attached the relevant invoices in

order to verify each cost claimed.

Taxable costs are allowed pursuant to **28 U.S.C. § 1920**.[1] In this case, the Court will also follow the guidance provided by its own Local Civil Rule 54.2 regarding taxation of costs ("Civ. L. R. 54.2").[2] However, it is within the district

---

[1] **28 U.S.C. § 1920 Taxation of Costs**, states in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under
> section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

[2] **Civ. L.R. 54.2** essentially mirrors the federal statute and states in pertinent part:

> Only those items authorized by law may be taxed as costs. Not all trial expenses are taxable as costs. Costs shall be taxed in accordance with Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Items taxable as costs include the following:
> **(1)** fees of the clerk and marshal, 28 U.S.C. §§ 1914, 1920(1), and 1921;
> **(2)** court reporter fees, 28 U.S.C. § 1920(2);
> **(3)** witness fees including travel and subsistence, 28 U.S.C. § 1920(3);
> **(4)** printing, copying, and exemplification fees when necessary for use in the case, 28 U.S.C. § 1920(4);
> **(5)** docket fees, 28 U.S.C. §§ 1920(5) and 1923;
> **(6)** deposition fees when used at trial and, in the court's discretion, other deposition fees when reasonably necessary to the case, 28 U.S.C. § 1920(2),(3),(6);
> **(7)** interpreter and court appointed expert fees, 28 U.S.C. §§ 1828 and 1920(6); and
> **(8)** fees and expenses otherwise taxable as costs as provided by law.

court's discretion to determine which costs Defendant seeks fall within the ambit specifically recognized by law and whether these claimed expenses are also reasonable, given the circumstances. ***See State of Ill. v. Sangamo Construction Co., 657 F.2d 855, 863-64 (7th Cir. 1981)***.

Defendant seeks reimbursement of court reporter fees for Plaintiff's deposition and also for a copy of the transcript of the court proceedings from the case *In re Yates and Marlow*, Clark County Case No. 2005-JA-4. The Affidavit of Defendant's attorney, Sarah Kerley, attached to the Bill of Costs, claims both transcripts "were used in preparing pleadings for this cause." Plaintiff objects for the following reasons: (1) Defendant failed to make a motion requesting said costs, as is required by **Rule 54(d)(2)(A)**; (2) Defendant failed to move within 14 days after entry of judgment, pursuant to **Rule 54(d)(2)(B)(i)**; (3) the transcript of the Clark County proceedings was never provided by Defendant to Plaintiff during discovery in this case and was not filed as an exhibit to Defendant's summary judgment motion, thereby not allowed under **Local Rule 54.2**; (4) Defendant has not met her burden of showing why such costs were necessary and not merely for convenience of counsel; (5) taxing costs to the non-prevailing party in a civil rights case goes against public policy; (6) as Plaintiff has now lost her job and is indigent, it is within the Court's discretion not to tax costs; and (7) Plaintiff's appeal in this case is still pending and therefore, taxing costs would be premature.

As far as Plaintiff's claim that Defendant file a motion for costs pursuant

to **Rule 54(d)(2)(A)**, this part of the rule only requires a motion if the party is requesting attorneys' fees and/or nontaxable expenses. Therefore, this objection is overruled. This holds true for Plaintiff's argument regarding the timeliness of the motion, as only a motion for attorneys' fees/nontaxable expenses need be filed within 14 days after judgment, pursuant to **Rule 54(d)(2)(B)(i)**. As court reporter fees are allowable as taxable costs, this objection is also overruled.

The Court also finds that unlike Plaintiff asserts, a transcript to the Clark County case (or at least a portion thereof) was filed in support of Defendant's summary judgment motion as "Defendant's Exhibit 16" (Doc. 49, Ex. 16, parts 1 & 2). Regarding whether court reporter fees incurred for taking a deposition are properly taxable, the Seventh Circuit does not require that the deposition be used in a summary judgment motion or at trial in order to find it "necessary" and thus, taxable. *Cengr v. Fusibond Piping Sys., Inc.*, **135 F.3d 445, 455 (7th Cir. 1998)("The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition.")(citations omitted)**. Rather, the Court should look to "whether the deposition was 'reasonably necessary' to the case at the time it was taken . . . ." *Id.***(citation omitted)**. Here, obviously, taking Plaintiff's deposition can be considered necessary. Also obtaining the prior Clark County court proceedings of a related matter can be considered necessary. The Court does not see any charges for "expedited daily transcripts" as Plaintiff suggests was obtained only for

convenience of counsel. Rather, it appears a trial transcript was obtained, but only the pertinent portions submitted as an exhibit to Defendant's summary judgment motion. It is not necessary that such transcripts be produced to Plaintiff in discovery to be considered a taxable cost, nor does Plaintiff offer any legal authority to show otherwise.

Perhaps Plaintiff's most compelling objections are those concerning her asserted indigence, public policy, and her pending appeal. Although **Rule 54(d)** allows a court discretion in taxing costs to an indigent non-prevailing party, the Seventh Circuit requires documentation showing that such party is unable to currently or in the future pay those costs. This proof should be provided either via "affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses," to allow the court to make such a finding of indigence. ***See Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)**. In this case, Plaintiff has not provided the Court with the proper documentation to allow such a finding, so this objection must also be overruled. Plaintiff also objects that it goes against public policy to tax a non-prevailing plaintiff in a civil rights suit, citing ***Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412 (1978)**. However, this case only examines the public policy behind deciding whether to award attorneys' fees to a prevailing defendant in a civil rights suit. The Supreme Court did not specifically discuss taxation of costs allowed. Further, the Seventh Circuit has allowed taxation of costs against a non-prevailing

plaintiff in a civil rights case. **See Lenard v. Argento, 699 F.2d 874, 900 (7th Cir. 1983)**. As before, the Court finds it must overrule Plaintiff's objection in this regard. Lastly, Plaintiff argues that taxation of costs in this case is premature, as her appeal of the judgment is currently pending before the Seventh Circuit. However, the Court finds that Seventh Circuit case law says otherwise. **See Hoeller v. Eaton Corp., 149 F.3d 621, 625-26 (7th Cir. 1998)**. Again, the Court must overrule Plaintiff's objection.

In conclusion, the Court finds Plaintiff's objections to be unavailing and therefore, Defendant's request for costs, as reflected in her Bill of Costs (Doc. 79), is hereby awarded in its entirety. The Clerk of the Court shall therefore enter a taxation of costs against Plaintiff in this matter in accordance with this Order in the total amount of **$ 1,147.60**.

**IT IS SO ORDERED**.

Signed this 17th day of June, 2009.

/s/ *David R Herndon*
**Chief Judge**
**United States District Court**